## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Mallinckrodt PLC, *et al.*,<br><br>       Debtor(s). | Chapter 11<br><br>Case No. 20-12522 (JTD)<br>Jointly Administered |
| Heather L. Barlow as Trustee of the<br>Mallinckrodt General Unsecured Claims Trust,<br><br>       Plaintiff,<br>v.<br><br>Stratacom, Inc.,<br><br>       Defendant. | Adversary No. 22-50430-JTD |

## DEFENDANT'S ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS AND OBJECTION TO CLAIMS

Stratacom Inc. (the "**Defendant**"), by and through its undersigned counsel and pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, submits this answer (the "**Answer**") to the *Complaint for Avoidance and Recovery of Preferential Transfers and Objection to Claims* [Adv. D.I. 1] (the "**Complaint**") filed by Heather L. Barlow as Trustee of the Mallinckrodt General Unsecured Claims Trust (the "**Plaintiff**") as follows:

### NATURE OF THE ACTION

1.     The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant admits that, through this lawsuit, Plaintiff seeks to avoid and recover from Defendant certain transfers, pursuant to sections 547 and 550 of the Bankruptcy Code, and denies all remaining allegations of this paragraph.

2.      The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant admits that, through this lawsuit, Plaintiff also seeks to disallow any claim that Defendant has filed or asserted, pursuant to section 502 of the Bankruptcy Code, and denies all remaining allegations of this paragraph.

## THE PARTIES

3.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and denies the allegation of this paragraph on that basis.

4.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and denies the allegation of this paragraph on that basis.

5.      Defendant admits that it is a North Dakota corporation, and that it provided IT services to certain of the debtor(s). Defendant denies all remaining allegations of this paragraph.

## JURISDICTION AND VENUE

6.      The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction over this adversary proceeding, and denies all remaining allegations of this paragraph.

7.      The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant admits this adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157, and denies all remaining allegations of this paragraph.

8.      The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant admits that Plaintiff consents to the entry of final order or judgments by the Court, denies all remaining allegations of this

paragraph, and affirmatively states that it does not likewise consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final order or judgments consistent with Article III of the United States Constitution.

9.      The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant admits that venue is proper in this district pursuant to 28 U.S.C. § 1409, and denies all remaining allegations of this paragraph.

## BASIS FOR RELIEF REQUESTED

10.     The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant admits that the relief sought by Plaintiff in the Complaint is predicated on sections 502, 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure, and denies all remaining allegations of this paragraph.

## PROCEDURAL BACKGROUND

11.     Defendant admits the allegations of this paragraph.

12.     Defendant admits the allegations of this paragraph.

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and denies the allegation of this paragraph on that basis.

14.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and denies the allegation of this paragraph on that basis.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and denies the allegation of this paragraph on that basis.

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and denies the allegation of this paragraph on that basis.

## **FACTUAL BACKGROUND**

17.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and denies the allegation of this paragraph on that basis.

18.    Defendant admits that it provided IT services to certain of the debtor(s).  Defendant denies all remaining allegations of this paragraph.

19.    Defendant admits that certain of the debtor(s) paid Defendant $220,312.50 in the Preference Period.  Defendant denies all remaining allegations of this paragraph, and affirmatively states that Exhibit A to the Complaint does not provide all relevant details of the transfers at issue, and that Plaintiff is not entitled to the order and judgment it seeks.

20.    Defendant admits that certain of the debtor(s) paid Defendant $220,312.50 in the Preference Period.  Defendant denies all remaining allegations of this paragraph, and affirmatively states that Exhibit A to the Complaint does not provide all relevant details of the transfers at issue, and that Plaintiff is not entitled to the order and judgment it seeks.

21.    Defendant admits that certain of the debtor(s) paid Defendant $220,312.50 in the Preference Period.  Defendant denies all remaining allegations of this paragraph.

22.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and denies the allegation of this paragraph on that basis.

23.    The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant admits that it is Plaintiff's intention to avoid and recover all preference period transfers.  Defendant denies all remaining allegations of this paragraph, and affirmatively states that Plaintiff is not entitled to the order and judgment it seeks.

24.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and denies the allegation of this paragraph on that basis.

25.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and denies the allegation of this paragraph on that basis.

26.    The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant admits that it is Plaintiff's intention to avoid and recover all preference period transfers whether or not such transfers are reflected in Exhibit A, admits that Plaintiff wishes to reserve its right to amend the Complaint, denies all remaining allegations of this paragraph, and affirmatively states that Plaintiff is not entitled to the order and judgment it seeks.

## FIRST CLAIM FOR RELIEF

### (Avoidance of Preferential Transfers - 11 U.S.C. § 547)

27.    Defendant repeats and realleges its responses set forth above as if fully set forth herein.

28.    Defendant admits that certain of the debtor(s) paid Defendant $220,312.50 in the Preference Period.  Defendant denies all remaining allegations of this paragraph, and affirmatively states that Exhibit A to the Complaint does not provide all relevant details of the transfers at issue.

29.    Defendant admits that certain of the debtor(s) paid Defendant $220,312.50 in the Preference Period.  Defendant denies all remaining allegations of this paragraph.

30.    Defendant admits that certain of the debtor(s) paid Defendant $220,312.50 in the Preference Period.  Defendant denies all remaining allegations of this paragraph.

31.     The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph, and affirmatively states that Plaintiff is not entitled to the order and judgment it seeks.

32.     The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph, and affirmatively states that Plaintiff is not entitled to the order and judgment it seeks.

33.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and denies the allegation of this paragraph on that basis.

34.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and denies the allegation of this paragraph on that basis.

35.     The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph, and affirmatively states that Plaintiff is not entitled to the order and judgment it seeks.

36.     Defendant admits that certain of the debtor(s) paid Defendant $220,312.50 in the Preference Period.  Defendant denies all remaining allegations of this paragraph.

37.     The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph, and affirmatively states that Plaintiff is not entitled to the order and judgment it seeks.

## SECOND CLAIM FOR RELIEF

### (Recovery of Property – 11 U.S.C. § 550)

38.     Defendant repeats and realleges its responses set forth above as if fully set forth herein.

39.     The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph, and affirmatively states that Plaintiff is not entitled to the order and judgment it seeks.

40.     The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

41.     The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph, and affirmatively states that Plaintiff is not entitled to the order and judgment it seeks.

## THIRD CLAIM FOR RELIEF

### (Objection to Defendant's Claims – Disallowance Under 11 U.S.C. § 502(d) and (j))

42.     Defendant repeats and realleges its responses set forth above as if fully set forth herein.

43.     The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant denies the allegations of this paragraph, and affirmatively states that Plaintiff is not entitled to the order and judgment it seeks.

44.     Defendant denies the allegations of the paragraph, and affirmatively states that it is not liable under 11 U.S.C. § 550.

45.     The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph, and affirmatively states that Plaintiff is not entitled to the order and judgment it seeks.

46.     The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph, and affirmatively states that Plaintiff is not entitled to the order and judgment it seeks.

47.     The allegations of this paragraph do not set forth assertions of fact, and, as such, no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph, and affirmatively states that Plaintiff is not entitled to the order and judgment it seeks.

Pertaining to the WHEREFORE clauses following paragraph 47, Defendant denies the allegations thereof, and affirmatively states that Plaintiff is not entitled to the order and judgment it seeks.

## GENERAL

1.     To the extent that any allegations of the Complaint are not responded to in the paragraphs above, such allegations are denied.

## AFFIRMATIVE DEFENSES

2.     Defendant hereby sets forth the following defenses, without admitting that any of them technically are "affirmative defenses" and/or that Defendant bears the burden of proof or persuasion with respect to any of these defenses.

3.     The Complaint fails to state a claim upon which relief can be granted.

4.     The transferor(s) never conducted business or had a debtor-creditor relationship with Stratacom Inc.

5.     The Plaintiff's claims are barred in whole or in part to the extent that the debtor(s) were not insolvent at the time of any of the transfers at issue.

6.     The transfers at issue: (a) were intended to be a contemporaneous exchange for new value given to the debtor(s) and (b) in fact were substantially contemporaneous exchanges.

7.      The transfers at issue were in payment of a debt incurred in the ordinary course of business or financial affairs, and were made: (a) in the ordinary course of business or financial affairs and/or (b) according to ordinary business terms.

8.      After the transfers at issue were made, Defendant gave new value (a) not secured by an otherwise unavoidable security interest and (b) on account of which new value the Debtor(s) did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

9.      To the extent Defendant's contracts were assumed, or assumed and assigned, in the Debtor(s) bankruptcy case, Plaintiff is estopped from pursuing the claims asserted in the Complaint.

10.     To the extent Defendant was under the obligation to transmit allegedly preferential payments received from the debtor(s) to one or more third-parties, Defendant's role in such transfers was limited to that of a "mere conduit." Accordingly, to the extent it acted as a mere conduit, Defendant is not an initial transferee for purposes of 11 U.S.C. § 550, and the payments characterized as preferential in the Complaint are not avoidable.

11.     The Plaintiff's claims may be barred in whole or in part by the expiration of the limitations period specified in 11 U.S.C. § 546.

12.     The Plaintiff's claims may be barred, in whole or in part, because the named Plaintiff lacks standing to sue the Defendant.

13.     The Plaintiff's claims may be barred in whole or in part by the doctrine of unclean hands.

14.     The Plaintiff's claims may be barred in whole or in part by the doctrine of estoppel.

15.     The Plaintiff's claims may be barred in whole or in part by the doctrines of waiver, laches and/or ratification.

16.     The Plaintiff's claims may be barred, in whole or in part, by the doctrine of *in pari delicto.*

17.     The Complaint is barred in whole or in part by the doctrine of unjust enrichment, set-off and/or recoupment.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES

18.     Defendant reserves the right to amend this answer to assert additional affirmative defenses that become known to Defendant through discovery or otherwise.

**WHEREFORE**, Defendant respectfully requests that judgment be entered in its favor and against the Plaintiff:

a) Dismissing all counts in the Complaint with prejudice and on the merits;

b) Awarding Defendant all attorneys' fees, costs and expenses incurred in defending this lawsuit, and;

c) Granting such other relief to Defendant as the Court deems just and proper.

Respectfully submitted,

Dated: November 1, 2022          KASEN & KASEN, P.C.
Wilmington, Delaware

*/s/ Jenny R. Kasen*
Jenny R. Kasen, Esq. (DE Bar No. 5849)
1213 N. King Street, Suite 2
Wilmington, DE 19801
Telephone: (302) 652-3300
Facsimile: (856) 424-7565
E-Mail: jkasen@kasenlaw.com

*Counsel to Stratacom Inc.*